**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**INTER–ISLAND RESORTS, LTD., d/b/a Kona Surf Hotel, and ILWU Local 142, Respondents.**

**No. 73–2464.**

United States Court of Appeals, Ninth Circuit.

Nov. 26, 1974.

Elliott Moore, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Ernest C. Moore, Jr. of Moore, Torkildson & Schulze, Honolulu, Hawaii, for Inter-Island.

Edward H. Nakamura of Bouslog & Symonds, Honolulu, Hawaii, for Local 142.

Rogers M. Ikenaga, Honolulu, Hawaii, for charging party.

OPINION

Before CHOY and SNEED, Circuit Judges, and NEILL,* District Judge.

SNEED, Circuit Judge:

This case involves a petition by the National Labor Relations Board under § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), for enforcement of its order directed against respond-

---

* Honorable Marshall A. Neill, Chief Judge, United States District Court, Eastern District of Washington, sitting by designation.

ents, Inter-Island Resorts, Ltd., and the International Longshoreman's and Warehouseman's Union, Local 142, pursuant to the Board's finding that they violated respectively, § 8(a)(1), (2) and (3) and (b)(1)(A) and (2).

There are no relevant facts in dispute since the Board's decision was based on a written stipulation of the facts entered by the parties. Inter-Island Resorts, Ltd., is a Hawaii corporation which operates several hotels in that state. In 1970 Inter-Island began construction of the Kona Surf Hotel on the island of Hawaii. The hotel was scheduled to open in the early fall of 1971. In early September, 1971, respondent company formally hired and placed 95 employees on the Kona Surf payroll. The respondent union, which represented employees at six other hotels operated by Inter-Island, requested recognition as the exclusive bargaining representative of the employees, based on a cross-check of union authorization cards. The same day, another union, the Hotel Employees Union, filed a petition for a representation election with the Board, accompanied by 36 authorization cards, of which only 24 were valid.

Despite the Hotel Employees' petition, Inter-Island and ILWU met the next day at which time the latter submitted 87 authorization cards. Mack Hamada, Chairman of the Hawaii Public Relations Board, cross-checked the cards and approved 84 of them as valid. Inter-Island then recognized ILWU as the exclusive bargaining representative of the employees, and the parties entered into a collective bargaining agreement identical to a master agreement in effect at the six other hotels operated by Inter-Island. Pursuant to a decision by the Regional Director for the Board's 20th Region, an election was scheduled notwithstanding the Inter-Island contract with ILWU. When the election to decide the issue of employee representation was held, 62 votes were cast for the ILWU, 27 votes were cast for the Hotel Employees Union and 1 vote was cast against both unions.

The crucial issue confronting this court on appeal is whether a real question of representation existed when Inter-Island recognized ILWU as the exclusive bargaining representative of the Kona Surf employees. This court and other United States Courts of Appeals which have dealt with the issue have consistently refused to find a violation of the National Labor Relations Act where an employer has recognized one of two unions competing for exclusive recognition on the basis of a clear demonstration of majority support. NLRB v. Peter Paul, Inc., 467 F.2d 700, 702 (9th Cir., 1972); *see* Playskool, Inc. v. NLRB, 477 F.2d 66, 70 (7th Cir., 1973); Modine Manufacturing Co., Inc. v. NLRB, 453 F.2d 292, 295 (8th Cir., 1971); NLRB v. Air Master Corp., 339 F.2d 553, 557 (3rd Cir., 1964); Suburban Transit Corp. and H.A.M.L. v. NLRB, 499 F.2d 78, 80 (3rd Cir., 1974); American Bread Co. v. NLRB, 411 F.2d 147, 155–156 (6th Cir., 1969); *see also*, International Ladies Garment Workers v. NLRB, 366 U.S. 731, 739–740, 81 S.Ct. 1603, 6 L.Ed.2d 762 (1961). The exception to the above rule is where the clear majority enjoyed by one of the competing unions is achieved by coercion or some other unfair labor practice. Here, however, the parties stipulated to the fact that the respondent union did not employ coercive or other unlawful means in acquiring its authorization cards.

The Board's decision and order itself explicitly recognizes the conflict between its decision and the great weight of authority in the Courts of Appeals but mentions that it chooses to adhere to its view until such time as the United States Supreme Court has passed on the matter. *See* footnote 12 of the Board's order 201 N.L.R.B. No. 1. The Board's position reflects its belief that the purposes and policies of the National Labor Relations Act require that the issue of representation be decided by the employees in a manner attended by the safeguards of the Board's election machinery. However, based upon the record before us indicating that the In-

ter-Island's recognition of the ILWU was based upon a clear demonstration of majority support, we conclude that the Board's need to preserve the integrity of its election machinery must yield to the rights of the Kona Surf employees to select and bargain through their own representatives. *See* Playskool, Inc. v. N. L.R.B., *supra*, 70.

Accordingly, the Board's petition for enforcement of its order is denied.