Jeffrey M. Shohet, of Gray, Cary, Ames & Frye, San Diego, Cal., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, NLRB, Washington, D. C., for respondent.

Before BARNES and WRIGHT, Circuit Judges, and ORRICK,* District Judge.

BARNES, Senior Circuit Judge:

Buck Knives, Inc. has petitioned this Court pursuant to Section 10(f) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., to review a decision and order of the National Labor Relations Board issued on April 20, 1976 and reported at 223 NLRB No. 144. The Board has cross-petitioned for enforcement of its order pursuant to Section 10(e) of the Act. The Board concluded that petitioner violated section 8(a)(1) and (2) of the Act by prematurely extending recognition to and entering into a collective bargaining agreement with a rival employees association.

There are no relevant facts in dispute since the Board's decision was based on a written stipulation of facts entered by the parties.

Under the Board's doctrine established in *Midwest Piping and Supply Co., Inc.*, 63 NLRB No. 1060 (1945), "an employer faced with conflicting claims of two or more rival unions which give rise to a real question concerning representation may not recognize or enter into a contract with one of

**BUCK KNIVES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 76–2031.

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1977.

---

* Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

these unions until its right to be recognized has finally been determined under the special procedures provided by the Act." *Retail Clerks Union, Local 770 v. N.L.R.B.*, 370 F.2d 205, 207 (9th Cir. 1966).

There are two distinct lines of cases within the Circuit dealing with appellate application of the *Midwest Piping* doctrine that are distinguishable on their respective facts. The earlier line is represented by *Intalco Aluminum Corporation v. N.L.R.B.*, 417 F.2d 36 (9th Cir. 1969), and involves the fact situation wherein a non-union employer is confronted with at least two unions who are vying for exclusive recognition, *none of which have had prior collective bargaining agreements with the employer.* Under these circumstances, this Court has concluded that neither the employer nor the neutral party chosen to authenticate signature cards may properly rely upon a card check "without giving the competing unions an opportunity to submit their cards or other evidence that [the] intervenor [does] not represent a majority of the employees." 417 F.2d at 40. The ferreting out of duplicate signatures was the Court's rationale for such a rule.

But this case is dissimilar on its facts. Here the Association had an existing contract with the employer. In *N.L.R.B. v. Fishermen's and Allied Workers' Union, Local 33*, 483 F.2d 952, 953 (9th Cir. 1973) cited by the Board, there were two unions competing. The employer signed a contract with a *minority* union. Obviously, that was improper.

The second line of cases is represented by *N.L.R.B. v. Inter-Island Resorts, Ltd.*, 507 F.2d 411 (9th Cir. 1974) and *N.L.R.B. v. Peter Paul, Inc.*, 467 F.2d 700 (9th Cir. 1972). These situations involve circumstances wherein at least two unions are competing for exclusive recognition, but *one* of the unions is currently party to a collective bargaining agreement with the employer that does not include the sought after employees. In these instances of allegedly premature recognition, the Court has stated:

This court and other United States Courts of Appeals which have dealt with the issue have consistently refused to find a violation of the National Labor Relations Act where an employer has recognized one of two unions competing for exclusive recognition on the basis of a clear demonstration of majority support. [citations omitted] The exception to the above rule is where the clear majority enjoyed by one of the competing unions is achieved by coercion or some other unfair labor practice. *N.L.R.B. v. Inter-Island Resorts, Ltd., supra,* at 412.

In our opinion the facts of the instant appeal establish that the Association was clearly demonstrated to have majority support. *N.L.R.B. v. Peter Paul, Inc.*, 467 F.2d 700 (9th Cir. 1972); *N.L.R.B. v. Inter-Island Resorts, Ltd.*, 507 F.2d 411 (9th Cir. 1974); *Playskool, Inc. v. N.L.R.B.*, 477 F.2d 66 (7th Cir. 1973); *Modine Manufacturing Co. v. N.L.R.B.*, 453 F.2d 292 (8th Cir. 1971); *Iowa Beef Packers v. N.L.R.B.*, 331 F.2d 176 (8th Cir. 1964); *American Bread Co. v. N.L.R.B.*, 411 F.2d 147 (6th Cir. 1969).

The employer here did not coerce or interfere with the majority union, but has merely obeyed the duty imposed upon it to recognize the agent which its employees designated by a 170 to 108 vote. *N.L.R.B. v. Indianapolis Newspapers, Inc.*, 210 F.2d 501, 503 (7th Cir. 1954). *See Playskool, supra,* Note 3, page 70. There is here no claim of employer's unlawful coercion or deception.

The order of the N.L.R.B. is set aside and the Cross-Petition for Enforcement of the Board's Order is denied.